FILED
January 21, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CARIDAD MOLANO HERNANDEZ,** A# 220 890 535, By **LUISBEL MOLANO HERNANDEZ** As Next Friend,<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES ATTORNEY WESTERN DISTRICT OF TEXAS; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** Enforcement and Removal Operations (ERO), San Antonio Field Office; and **WARDEN,** Karnes County Immigration Processing Center,<br><br>Respondents. | SA-26-CV-00217-OLG |

## SHOW CAUSE ORDER

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Luisbel Molano Hernandez as "next friend" on behalf of Caridad Molano Hernandez. (Dkt. No. 1). Caridad Molano Hernandez is currently detained at the Karnes County Immigration Processing Center. (*Id.*); *see* search (last visited Jan. 21, 2026). Upon review, the Court orders Luisbel Molano Hernandez, for the reasons stated below, to show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Caridad Molano Hernandez's release from detention, was filed on her behalf by her son, Luisbel Molano Hernandez, as "next friend." (Dkt. No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Luisbel Molano Hernandez has not demonstrated standing to initiate this action on behalf of Caridad Molano Hernandez. (Dkt. No. 1).

Luisbel Molano Hernandez states he has standing because his mother is in custody and is "unable to meaningfully access the courts on her own behalf." (*Id.*). He also states that his mother has numerous medical conditions that require monitoring, medication, and care, and these conditions have been aggravated by her detention. (*Id.*). He notes he is Caridad Molano Hernandez's son, a United States citizen, is acting in his mother's best interests, and has no conflict of interest with his mother. (*Id.*). None of the assertions provided by Luisbel Molano Hernandez render Caridad Molano Hernandez incompetent to initiate a habeas proceeding on her own behalf. *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). Additionally, Caridad Molano Hernandez, based on her detention, cannot be said to lack access to this Court.

Importantly, even if Luisbel Molano Hernandez could establish standing to bring this action as "next friend" on behalf of Caridad Molano Hernandez, as a non–attorney he is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent [herself] or be represented by an attorney,' because § 1654 says [s]he can." *Id.* "On the other hand, [s]he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary,

2

"[i]n federal court a party can represent [herself] or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter.").Thus, Caridad Molano Hernandez may represent herself in this matter, but she may not be represented by her non–attorney son; rather, Caridad Molano Hernandez must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Luisbel Molano Hernandez must show cause why this case should not be dismissed.

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Caridad Molano Hernandez at the Karnes County Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Luisbel Molano Hernandez by certified mail, return receipt requested, at the following address: 9910 Hill Lane, Apt. 9104, Manor, Texas 78653.

**If Luisbel Molano Hernandez fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

It is **SO ORDERED**.

**SIGNED** this 21st day of January, 2026.

ORLANDO L. GARCIA
United States District Judge